UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAN BOYD,<br><br>        Plaintiff,<br><br>    v.<br><br>PACIFICA FOUNDATION, et al.,<br><br>        Defendants. | Case No. 13-cv-03672-JCS<br><br>**ORDER DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915**<br><br>**Dkt. No. 1** |

## I.   INTRODUCTION

Plaintiff Akan Boyd (hereafter, "Plaintiff") filed a complaint against Defendants Pacifica Foundation and KPFA Berkeley 94.1 FM, doing business as Pacifica Radio KPFA 91.1 FM (hereafter, "KPFA").  Plaintiff alleges violations of Title VII of the Civil Rights Act, the Federal Communications Act of 1934, and Abuse of Process.  Plaintiff filed an application to proceed *in forma pauperis*, which the Court granted upon finding Plaintiff to be indigent.  *See* Dkt. No. 4. Having granted Plaintiff's application, the Court now considers whether Plaintiff's complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an *in forma pauperis* complaint that is frivolous, malicious or fails to state a claim.  *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).  For the reasons explained below, the Court finds that Plaintiff has failed to state a claim and DISMISSES the complaint.[1]

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  Although a magistrate judge does not have jurisdiction over an action unless all parties have consented, this Court does not require the consent of Defendant in order to properly dismiss claims brought in this action because Defendant has not been served, and, as a result, is not a party.  *See Neals v. Norwood*, 59 F.3d 520, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir. 1998)

## II. BACKGROUND

It appears from the Complaint that at some time prior to September of 2011, Plaintiff submitted an application to KPFA to participate in their apprenticeship-training program. Plaintiff hoped to eventually be a broadcast control board operator. Plaintiff was not selected to participate in the training program. Plaintiff believes the reason he was not selected was because the members of the KPFA interview committee discriminated against him on the basis of his national origin, or retaliated against him for certain comments he made during his interview. Plaintiff also alleges that his interview at KPFA was misleading and unfair.

Plaintiff states that his resume, which is attached as Exhibit A to the Complaint, is prima facie evidence of discrimination. *See* Compl., Ex. A. Plaintiff states that he has over 34 years of experience working in communities with limited resources, and that this experience is reflected in his resume. Plaintiff further states that his "work and knowledge meets the social mission of KPFA and the Apprenticeship Program probably more so than anyone in the full history of KPFA training program." Compl. at 6.

Plaintiff describes two questions that he was asked at the interview. Plaintiff criticizes one of the questions as misleading and overly simplistic. The question was whether Plaintiff had ever started something that he did not finish, and if so, why? Compl. at 8. When Plaintiff attempted to explain why his answer was "no," he was abruptly directed to only answer yes or no. *Id*. Plaintiff alleges that the interviewers hid the full meaning of this question and therefore misled Plaintiff, which Plaintiff believes constitutes "an abuse of leading to probable cause of discrimination against Plaintiff." *Id*. at 9.

The second question may have been asked in the interview or before a group of people—it is unclear. Plaintiff describes this question, his response, and the interviewers' reactions as follows:

> The controlling committee member Ms. Joy Moore put forth to

---

(holding the magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

2

> interviewee an analogy of a female feeling she is not having enough access to the training equipment. So how would the male approach this situation? Plaintiff stated his observation in a group would not let the particular circumstances get to such a condition. The Plaintive [sic] further included there should also be care to observe female resenting male and who can be unreasonable with certain males. This elemental accent of fairness thereafter caused Ms. Joy Moore to direct her sight at Plaintiff and direct eye contact with Plaintiff and stated "some persons will not get in to the program."

Compl. at 6. Plaintiff believes that Ms. Moore took Plaintiff's statement personally and then retaliated against Plaintiff by excluding him from the training program.

Plaintiff states that he wrote a complaint to KPFA administration requesting that they reexamine their decision to not include Plaintiff in the training program. While Plaintiff states−at a few points in the Complaint−that KPFA never responded, Plaintiff also attaches to the Complaint an email written to Plaintiff by Micky Mayes, the Training Director at KPFA. In the email, Mayes apologizes for a delay in responding to Plaintiff, and then writes:

> Not being accepted into a particular group is not a rejection of you as a *person*. When we form a group, we are essentially creating a dish—along the lines of a soup, stew or casserole. Each applicant brings to the dish a particular ingredient – a mixture of ethnicity, life experience, interests, goals, age, etc.
>
> We look at the possible ingredients and select a finite number of applicants to create what we hope will be a vibrant, savory combination. We are not always 'right' in this selection, but we try, based on mutual experience and consensus of the selection panel.

Compl., Ex. B (emphasis in original). Mayes also writes in her email that three other panel members did not make it into the program when they first applied, that they only contact the references of individuals selected for the program, and that the decision to not include Plaintiff in the program "was in no way premised on race elements" as Plaintiff's complaint inferred. *Id*.

Plaintiff believes that the selection process described by Mayes—the mixing pot analogy—"implies a predetermined view which should be illegal" because it "indicates KPFA's selection process can induce discriminatory outcome." Compl. at 5.

\*   \*   \*

Plaintiff asserts three causes of action in his Complaint. First, Plaintiff alleges

3

discrimination on the basis of national origin under Title VII, 42 U.S.C. § 2000e-2. Second, Plaintiff alleges that KPFA violated the anti-discrimination provision of the Federal Communications Act of 1934. Third, Plaintiff alleges that KPFA is liable for abuse of process given the alleged misleading nature of the interview.

## III.   DISCUSSION

### A.   Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), if a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and proceed *in forma pauperis*, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's allegations as true," however, "is inapplicable to … mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B.   Analysis

The Complaint must be dismissed with leave to amend because the allegations in the complaint fail to state a claim. For the reasons stated below, the factual allegations asserted in the Complaint, even if assumed to be true, do not state a claim under Title VII, the Federal Communications Act of 1934, or for Abuse of Process. Moreover, even if the Court assumes Plaintiff also meant to assert a retaliation claim under Title VII or in violation of his First Amendment rights, there is no cognizable claim. Finally, the Title VII claim also appears to be

4

time-barred. For these reasons, described in more detail below, the Complaint must be dismissed with leave to amend.

### 1. Title VII

There are two reasons why the Complaint fails to state a cause of action under Title VII. First, it appears that this claim is time-barred by the applicable statute of limitations. Second, Plaintiff has not pled facts to state a claim under Title VII. This claim is dismissed with leave to amend. If Plaintiff chooses to bring a Title VII claim in an amended complaint, then he must cure the deficiencies discussed in this section.

#### i. *Statute of Limitations*

In order to bring a claim under Title VII, Plaintiff must comply with Title VII's time limits on filing charges under 42 U.S.C. § 2000e-5(e)(1). *See Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658, 665 (9th Cir. 1980) (Title VII claims are not subject to a state statute of limitations). Title VII requires that a complainant file a charge with the EEOC within 180 days of an alleged discriminatory act, unless the complainant initially instituted proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days. 42 U.S.C. § 2000e-5(e)(1). Plaintiff must have provided notice to KPFA ten days after filing charges with the EEOC. *Id*. Upon receiving a right-to-sue letter from the EEOC, a plaintiff must bring an action under Title VII within ninety days. 42 U.S.C. § 2000e–5(f)(1). *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 (9th Cir. 1990) (citing 42 U.S.C. § 2000e–5(f)(1)).

First, the Court notes that Plaintiff complied with the requirement in 42 U.S.C. § 2000e–5(f)(1) by filing this action within 90 days after receiving the right-to-sue letter from the EEOC. The right-to-sue letter is attached to the Complaint and is dated May 16, 2013. *See* Compl., Ex. C. Plaintiff filed the Complaint on August 8, 2013, which is 84 days after May 16, 2013.

Nevertheless, Plaintiff must also show that he filed the complaint with the EEOC within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). Plaintiff does not allege the date in which he submitted his application to KPFA's training program, the date of his interview, or the date in which his application was rejected. The email from the KPFA Training Director, however, is dated September 14, 2011. The content of the email unambiguously reflects that it

was written *after* Plaintiff was rejected from the training program. *See* Compl., Ex. B. Thus, the Court infers that the alleged discrimination took place sometime prior to September 14, 2011.

Plaintiff does not allege the date in which he submitted his discrimination complaint to the EEOC−only the right-to-sue letter is attached to the Complaint. Because right-to-sue letter is dated May 16, 2013, the Court finds it unlikely that Plaintiff filed a complaint with the EEOC within 180 days of the alleged discrimination. This issue, however, must be determined after Plaintiff has pled the date in which his application to participate in the KPFA training program was rejected, and the date in which he filed a claim with the EEOC.

### ii. *Lack of Factual Allegations*

Title VII prohibits training programs from discriminating against applicants on account of national origin. *See* 42 U.S.C. § 2000e-2(d). In *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002), the Supreme Court held that a plaintiff need not plead a prima facie case of discrimination−derived from the test described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973)−in order to move beyond the pleading stage. The Supreme Court distinguished *Swierkiewicz* when deciding *Twombly*, and wrote that *Swierkiewicz* only proscribes a heightened pleading standard for employment discrimination claims. *Twombly*, 550 U.S. at 569. In *Twombly*, the Court held that a plaintiff must always plead "enough facts to state a claim to relief that is plausible on its face," *id.* at 570, and noted that in *Swierkiewicz*, the complaint had "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." *Twombly*, 550 U.S. at 569 (quoting *Swierkiewicz*, 534 U.S at 514).

In this case, Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's allegations of employment discrimination are conclusory, and based upon scarce facts that, even if assumed true, would not show discrimination. Contrary to Plaintiff's assertion, his resume is not prima facie evidence of intentional discrimination. Even if Plaintiff was the most qualified individual to participate in the training program, as he asserts, his accomplishments do not provide a factual basis for a discrimination claim without some other factual allegation that could indicate discrimination.

There are no allegations in the Complaint which could provide a factual basis for Plaintiff's discrimination claim. The questions posed at the interview are typical interview questions. The fact Plaintiff was only asked one question about his habit of finishing tasks does not imply that Plaintiff was discriminated against on account of his national origin. Nor can discrimination be implied from the allegation that Ms. Moore reacted to Plaintiff's answer to another question, and told Plaintiff that some applicants would not be selected. Plaintiff states in his Complaint that Ms. Moore reacted to the substance of his answer, which appeared to be about gender relations and had nothing to do with Plaintiff's national origin.

Finally, the email from the KPFA Training Director, in which KPFA stated that they select applications of a "mixture of ethnicity, life experience, interests, goals, age, etc.," Compl., Ex. B, does not imply discrimination merely because it shows that KPFA had preconceived ideas. The mere fact that KPFA seeks a diverse group of individuals to participate in the training program does not imply that KPFA discriminated against Plaintiff on account of his national origin.

Plaintiff must plead at least one fact that could possibly indicate discrimination. The allegations are verbose and describe Plaintiffs' perception of the injustice which he believes occurred, but the Complaint simply lacks factual allegations. If there are other facts which lead Plaintiff to believe that he was discriminated against on account of his national origin, then Plaintiff may plead such facts in an amended complaint.

### 2. Retaliation

Plaintiff alleges that he was retaliated against because of his speech at his interview. While Plaintiff does not assert a claim for retaliation−either under Title VII or under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment, *pro se* complaints are to be liberally construed. *Erickson*, 551 U.S. at 94. Thus, the Court considers whether the Complaint states a retaliation claim under either theory, and concludes that it does not.

#### i. *Title VII*

"Title VII prohibits employers from discriminating against an employee because that employee 'has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under this subchapter.'" *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)). Plaintiff's factual allegations do not show that he expressed any opposition to any discriminatory employment practice made unlawful by Title VII. While Plaintiff responded to a question that appears to involve gender issues, Plaintiff's speech was, at most, an opinion in the abstract. Plaintiff does not allege that he told KPFA that the employment practices at KFPA were discriminatory.

Nor can Plaintiff allege a Title VII retaliation claim based upon the complaint letter he submitted to KPFA after Plaintiff's application was rejected. Because Plaintiffs' apparent allegation of discrimination in the complaint occurred after Plaintiff's application was rejected, there is no basis to infer a retaliatory motive. Accordingly, the Court does not construe a cognizable Title VII retaliation claim from the Complaint.

### ii. *First Amendment*

A plaintiff may assert a claim for First Amendment retaliation under 42 U.S.C. § 1983, which prohibits the State or a state actor from depriving any United States citizen of their rights secured under federal law or the United States Constitution. *See id.* The First Amendment prohibits the government or a state actor from undertaking an action that is "reasonably likely to deter employees from engaging in constitutionally protected speech." *Coszalter v. City of Salem*, 320 F.3d 968, 970 (9th Cir. 2003).

If Plaintiff had asserted a First Amendment retaliation claim, it would fail because KPFA is not the government; and Plaintiff has not alleged that KPFA was a state actor when the alleged retaliation occurred. "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Lee v. Katz,* 276 F.3d 550, 554 (9th Cir. 2002) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n.,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974))). Accordingly, the Court does not construe a cognizable First Amendment retaliation claim from the Complaint.

### 3.  **Federal Communications Act of 1934**

Plaintiff next alleges a violation of the anti-discrimination provision of the Federal Communications Act of 1934, which provides:

> It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

47 U.S.C. § 202.

Plaintiff has failed to state a claim under the Federal Communications Act because he does not allege facts showing that KPFA discriminated with respect to "charges, practices, classifications, regulations, facilities, or services for or in connection with like communication service…." *Id*. While the anti-discrimination provision of the Federal Communications Act also prohibits a common carrier from "mak[ing] or giv[ing] any undue or unreasonable preference or advantage to any particular person," *id*., the Court has not found any case which construes this statute to prohibit employment discrimination. Assuming, *arguendo*, that Plaintiff could allege employment discrimination of violation of this statute, the claim would fail for the same reasons discussed in the context of Title VII−Plaintiff alleges no facts indicating that discrimination has occurred. This claim is dismissed with prejudice.

### 4. Abuse of Process; 28 U.S.C. § 2680(H)

Plaintiff asserts a claim for abuse of process based upon the alleged misleading question he was asked in his interview. Plaintiff also bases this claim on the alleged bias in the procedures employed when selecting participants for the training program.

Plaintiff incorrectly cites 28 U.S.C. § 2680(h) as the federal statute authorizing him to bring an abuse of process claim against KPFA. Section 2680 is one section of the Federal Torts Claims Act; it identifies the "exceptions" to the federal government's waiver of sovereign immunity. *See id*. Because KPFA is not the federal government, section 2680 is not relevant to this case.

An abuse of process claim is a state law tort claim.  "The essence of the tort of abuse of process is the perversion of legal proceedings properly set in motion to a purpose for which it was not intended."  *Blue Goose Growers, Inc. v. Yuma Groves, Inc.*, 641 F.2d 695, 696 (9th Cir. 1981).  Under California law, there are "two fundamental elements of the tort of abuse of process: first, an ulterior purpose, and second, a willful act in the use of the process not proper in the regular conduct of the proceeding."  *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1168 (1986) (quotations omitted).

There is no factual basis in the Complaint supporting a claim for abuse of process.  Plaintiff has not alleged that KPFA ever filed a legal proceeding.  This claim is dismissed with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds that the Complaint fails to state a claim, and therefore, dismisses the complaint under 28 U.S.C. § 1915(e)(2).  Plaintiff is granted leave to amend his Title VII claim only.  If Plaintiff chooses to file an amended complaint, he must do so within thirty (30) days of the date of this order.

**IT IS SO ORDERED**.

Dated: November 8, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge