UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKAN BOYD,<br>    Plaintiff,<br><br>v.<br><br>PACIFICA FOUNDATION, et al.,<br>    Defendants. | Case No. 13-cv-03672-JCS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE UNDER 28 U.S.C. 1915**<br><br>**Dkt. No. 11** |

## I. INTRODUCTION

On November 8, 2013, the Court dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), and granted Plaintiff leave to amend his claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. *See* Dkt. No. 8. The Court explained in the dismissal order that for the Title VII claim to survive review under § 1915, Plaintiff had to allege facts in an amended complaint demonstrating that the Title VII claim was timely, as well as facts supporting a plausible claim for discrimination.

On January 7, 2014, Plaintiff filed a First Amended Complaint. For the reasons explained further below, the First Amended Complaint still fails to state a claim under Title VII. The Court is required to dismiss an *in forma pauperis* complaint that fails to state a claim or is frivolous or malicious. 28 U.S.C. § 1915(e)(2). Having already granted Plaintiff an opportunity to amend his complaint, and having provided specific instructions as to what allegations were necessary for the Title VII claim to proceed, the Court dismisses the First Amended Complaint under 28 U.S.C. § 1915(e)(2) without leave to amend.[1]

---

[1] Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Although a magistrate judge does not have jurisdiction over an action unless

## II. BACKGROUND

### A. Factual Background

As set forth more fully in the Court's previous order, Plaintiff alleges that he was discrimination against by Pacific Radio KPFA 91.1 FM (hereafter, "KPFA"). Plaintiff had applied to participate in KPFA's apprenticeship-training program, but was not selected. First Amended Complaint ("FAC") at 1. Plaintiff alleges that he was discriminated against on the basis of his national origin. Plaintiff alleges that he was qualified for the position. Plaintiff also alleges that KPFA's interview committee did not ask any questions regarding his experience, and only asked ambiguous and indirect questions (the substance of which is described in the previous order).

### B. Previous Dismissal Order

In the previous order, the Court noted two deficiencies with respect to Plaintiff's claim under Title VII. First, the Court explained that Plaintiff must allege facts demonstrating compliance with Title VII's time limits under 42 U.S.C. § 2000e-5(e)(1). Dkt. No. 8 at 5-6. That section requires Plaintiff to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of after the alleged discriminatory employment practice. *See* 42 U.S.C. § 2000e-5(e)(1). The previous complaint failed to state when Plaintiff was discriminated against, and also failed to state when Plaintiff filed a complaint with the EEOC.

Second, the Court explained that Plaintiff's previous complaint "failed to plead 'enough facts to state a claim to relief that is plausible on its face.' " Dkt. No. 8 at 6 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Specifically, the Court noted that it was insufficient for

---

all parties have consented, this Court does not require the consent of Defendant in order to properly dismiss claims brought in this action because Defendant has not been served, and, as a result, is not a party. *See Neals v. Norwood*, 59 F.3d 520, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Prop.*, 135 F.3d 1212, 1217 (8th Cir. 1998) (holding the magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 18 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

Plaintiff to allege that he is African American, is qualified for the position, but was not selected. The Court wrote that "Plaintiff must plead at least one fact that could possibly indicate discrimination." Dkt. No. 8 at 6. Plaintiff was advised that "[i]f there are other facts which lead Plaintiff to believe that he was discriminated against on account of his national origin, then Plaintiff may plead such facts in an amended complaint." *Id*.

### C.     First Amended Complaint

In the First Amended Complaint, Plaintiff alleges facts which bear on the timeliness of the Title VII claim. Plaintiff states that he received an email from KPFA on August 14, 2011 informing him that he had not been accepted into the training program. FAC at 1. Plaintiff also alleges that he filed a complaint with the EEOC on October 1, 2011. *Id*.

Plaintiff also alleges a few additional facts with respect to his Title VII claim. Plaintiff states that he was the *most qualified* applicant for the training program. Prior to the interview, Plaintiff became acquainted with the other interviewees and discovered that they "did not have community backgrounds." FAC at 5. Unlike Plaintiff, "[t]he other three applicants were not community active or assailed as voices of the community at such time." *Id*. at 4. Aside from these facts, there are no additional allegations in the First Amended Complaint that relate to the alleged discrimination by KPFA.

## III.    DISCUSSION

### A.     Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), if a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and proceed *in forma pauperis*, the court must undergo a preliminary screening of the complaint and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. To state a claim for relief, Plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). When reviewing the sufficiency of the Complaint, the Court takes "all allegations of material fact as true and construe(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990). The "tenet that a court must accept a complaint's

allegations as true," however, "is inapplicable to … mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). Complaints filed by *pro se* litigants must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### B. Analysis

Plaintiff's First Amended Complaint alleges important dates that were lacking in the previous complaint. Plaintiff alleges that he received the email informing him that he was not selected for the training program on August 14, 2011. Plaintiff also alleges that he filed a charge within 180 days of that date. FAC at 1. Specifically, Plaintiff states that he personally delivered the charge to EEOC's office in Oakland on October 1, 2011. *Id*. Plaintiff also alleges that he received a right to sue letter from the EEOC on May 16, 2013. Accordingly, Plaintiff has alleged facts demonstrating the timeliness of the Title VII claim. *See* 42 U.S.C. § 2000e-5(e)(1); *see also* Dkt. No. 8 at 5 (holding that Plaintiff complied with the requirement in § 2000e-5(f)(1) to file this lawsuit within 90 days of receiving his right to sue letter).

Nevertheless, Plaintiff has not alleged additional facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Like the previous complaint, the First Amended Complaint is verbose and describes Plaintiff's perception of the injustice which he believes occurred. It does not, however, allege any facts suggesting that Plaintiff was discriminated against. Plaintiff alleges that he was African American and that he was the most qualified applicant for the position. In the First Amended Complaint, Plaintiff alleges that he met three of the other applicants prior to the interview, and learned that none of these applicants had experience working in community development organizations or being a voice of the community. Even assuming this to be true, this does not suggest that Plaintiff was discriminated against on the basis of his race or national origin.

Plaintiff does not allege that the applicants he met were selected for the training program. Plaintiff also does not allege any particular characteristic of these applicants other than the fact

4

they had less community development experience than Plaintiff.  There can be any number of reasons why these applicants may (or may not) have been chosen over Plaintiff to participate in the training program that do not pertain to the fact Plaintiff is African American.  For instance, the interviewers may not have liked Plaintiff's response to the question regarding gender relations.  As explained in the previous order, the fact the interviewer does not like the substance of Plaintiff's answer to an interview question does not suggest Plaintiff was not selected for the program because of his race or national origin.  In fact, it implies the contrary.

## IV.     CONCLUSION

For the foregoing reasons, the First Amended Complaint is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2).  The Clerk is directed to close the file in this case.

**IT IS SO ORDERED**.

Dated: February 11, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge